# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **OADIS WHITE,** | ) | Civil Action No. 7:11-cv-00356 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BRISTOL CITY JAIL KITCHEN,** | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Oadis White, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. § 1343. White complains about his living conditions as they relate to the food served at his facility. The court finds that White's allegations fail to rise to the level of a constitutional claim and, therefore, dismisses his complaint without prejudice.[1]

## I.

White alleges that kitchen workers were seen not wearing hair nets and beard guards, that the food portions are measured by eye and not by a scale, that he has found hair in his food, and that he has been given dirty utensils. White does not allege that he ate any food with hair in it or that he suffered any injury from eating food with hair in it. White does not allege that the amount of food he receives in inadequate to meet his nutritional needs. And, White does not allege that he ate with the dirty utensils or suffered any injury from eating with dirty utensils.

## II.

To establish an actionable claim of cruel and unusual punishment, a plaintiff must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury, and (2) that prison officials acted with deliberate indifference to his

---

[1] In addition, the court notes that White has failed to name a proper defendant. However, inasmuch as his complaint is being dismissed for failure to state a claim, the court will not give White the opportunity to amend his complaint to name a proper defendant at this time.

needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). An inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Accordingly, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

White fails to allege any respect in which he, personally, has been injured or even adversely affected by any of the living conditions of which he complains. See White v. Gregory, 1 F.3d 267 (4th Cir. 1993) (holding that a prisoner must suffer serious injury to be subjected to cruel and unusual punishment within the meaning of the Eighth Amendment). Further, he does not present any facts indicating a "substantial risk" that he will suffer any serious or significant injury from the food he is served. See Harrison v. Moketa/Motycka, 485 F. Supp. 2d 652, 656 (D.S.C. 2007) (merely serving food cold does not present a serious risk of harm or an immediate danger to the health of an inmate); Mayo v. Thompson, No. 85cv437, 1986 WL 8412 (E.D. Va. Mar. 6, 1986) (alleged deficiencies in inmate food quality do not normally amount to a constitutional

infringement of rights absent a showing of illness and certainly would not amount to a violation of the Eighth Amendment as such deficiencies fall far short of being "subhuman" conditions that would "shock the conscience"); White, 1 F.3d at 269 (mere allegations of insufficient food, absent any suggestion of deleterious effects, fail to state a claim under the Eighth Amendment); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (affirming district court where inmate failed to allege any harm from allegedly unsanitary kitchen conditions). Accordingly, the court finds that White's allegations fail to rise to the level of a constitutional claim and, therefore, the court dismisses his complaint without prejudice.

**III.**

For the stated reasons, White's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

**ENTER**: This 30th day of July, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE